Husni Abdul **HAMID** and Yustini **Upik**, Petitioners,

v.

Alberto **GONZALES,**\* Attorney General, Respondent.

Nos. 03–70871, 03–74324.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.\*\*

Decided April 11, 2005.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Peter D. Keisler, Esq., Linda S. Wernery, Esq., William C. Peachey, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT and SILVERMAN, Circuit Judges.

MEMORANDUM \*\*\*

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

In these consolidated petitions for review, Husni Abdul Hamid, a native and citizen of Indonesia, seeks review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of Hamid's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") (No. 03–70871). Hamid's wife, Yustini Upik, also a native and citizen of Indonesia, seeks review of the BIA's dismissal of her appeal of an IJ's denial of her request to consolidate her case with Hamid's (No. 03–74324). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's decision to deny withholding of removal, *Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004), and relief under CAT, *see id.* at 936–7. We vacate and remand in part, and deny in part the petitions for review.

The IJ denied Hamid's asylum application on two independent grounds: (1) that the application was untimely; and (2) that Hamid failed to establish past persecution or a well-founded fear of future persecution.

We have jurisdiction to review a denial of asylum on the merits, but we lack jurisdiction to review a denial for untimeliness. *See id.* at 924. Because the BIA affirmed without opinion, we have no way of knowing on which grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See id.* at 932. Accordingly, we vacate the BIA's decision as to Hamid's asylum application and remand with instructions to clarify the grounds for affirmance. *See id.* at 919.

We reach the merits with respect to the agency's denial of withholding of removal and CAT relief and deny the petition regarding those claims. Substantial evidence supports the IJ's finding that Hamid does not qualify for withholding of removal because he failed to show past persecution, *see id.* at 933–34, or that it is more likely than not that Hamid will be persecuted on account of an enumerated ground if he returns to Indonesia *see Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003). Substantial evidence also supports the IJ's finding that Hamid does not qualify for CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to Indonesia. *See Lanza,* 389 F.3d at 935–936.

The BIA dismissed Upik's appeal because Hamid's appeal had already been dismissed, and the BIA was therefore unable to consolidate the two cases. Hamid and Upik's respective petitions for review are now consolidated before this court. Because we vacate and remand for clarification the decision denying asylum to Hamid, we also vacate and remand, for reconsideration, the decision denying consolidation to Upik.

It is further ordered that the clerk shall change the docket to reflect the caption as set forth above.

In No. 03–70871, VACATED AND REMANDED in part; PETITION FOR REVIEW DENIED in part.

In No. 03–74324, VACATED AND REMANDED.